## ZEMLA v. HODGES

1. EVIDENCE—APPEAL AND ERROR.

   Court did not clearly err in finding from testimony of defendants that plaintiff was to receive an increased interest in certain debenture bonds in exchange for the transfer of his stock, where plaintiff's testimony as to a claimed agreement that he was to receive equivalent stock in another corporation was vague and uncertain and he only "guessed" that one of the defendants knew of the agreement.

2. CORPORATIONS—SHAREHOLDERS—PARTNERSHIP—FIDUCIARY DUTY—
   BREACH.

   Defendants, plaintiff's partners, did not breach their fiduciary duty to him by failing to disclose that sale of his stock in a corporation was subject to a right of first refusal where plaintiff conceded at trial that he was aware of the right of first refusal and where the notice of that right appeared on the same side of the stock certificate on which his signature transferring his interest appeared.

3. CORPORATIONS—SALE OF STOCK—CONSIDERATION.

   Plaintiff's contention that the record does not show that his transfer of stock was supported by consideration is without merit where the record shows a number of credits and debits between the parties to the transaction which were considered by the court as is reflected in its judgment, and a review of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Corporations § 377 *et seq.*
   30 Am Jur 2d, Evidence § 1081.
   46 Am Jur, Sales § 59.
[2] 18 Am Jur 2d, Corporations § 387 *et seq.*
   40 Am Jur, Partnership § 128.
[3] 46 Am Jur, Sales § 60.
[4] 30 Am Jur 2d, Evidence § 1084.

the record shows that defendants' assertion that plaintiff received the credit was not controverted by plaintiff.

4. Evidence—Testimony—Failure to Controvert.

Court did not err in finding that plaintiff received payment for a transfer of stock where defendants testified they have paid for the stock and plaintiff failed to controvert this testimony on the record.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 October 8, 1970, at Lansing. (Docket No. 5,133.)   Decided December 3, 1970.

Complaint by Theodore F. Zemla against Peter Hodges and Ruben Dragovich for rescission of a sale of stock and an accounting.  Judgment for defendants.  Plaintiff appeals.  Affirmed.

*Paruk & Miller,* for plaintiff.

*Kiefer, Allen, Ryan & Uhl,* for defendants.

Before: Levin, P. J., and T. M. Burns and J. E. Hughes,* JJ.

Per Curiam.   The plaintiff, Theodore F. Zemla, and the defendants, Peter Hodges and Ruben Dragovich, formed a partnership under the firm name of Theodore Enterprises.  In connection with the business of the partnership, they organized two Michigan corporations, Orchard Lanes, Inc., and Town Enterprises, Inc.   Town Enterprises built and owned a bowling alley which was rented to and operated by Orchard Lanes.

The plaintiff and the two defendants owned jointly 196 shares and a third party owned 204 shares of Orchard Lanes' capital stock.  The Michigan Liq-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

uor Control Commission refused to issue a liquor license to Orchard Lanes because the plaintiff was one of its stockholders. He thereupon transferred his stock interest in Orchard Lanes to the defendants.

The plaintiff subsequently commenced this action and claimed that the defendants agreed to transfer to him stock in Town Enterprises equivalent to the Orchard Lanes stock which he had relinquished. The defendants denied the alleged agreement and asserted that in exchange for the assignment of his stock interest plaintiff was to receive an increased interest in a debenture for $20,545 that was issued by Orchard Lanes jointly to the plaintiff and the defendants.

Plaintiff's testimony regarding the agreement he claimed was entered into was vague and uncertain, *e.g.,* he "guessed" Mr. Dragovich knew of the claimed agreement. The trial judge did not clearly err in rejecting plaintiff's testimony and in adopting the testimony of the defendants that plaintiff was to receive an increased interest in the debenture in exchange for the transfer of the stock.

Nor is there any merit in plaintiff's contention that the defendants breached their fiduciary duty to him when they did not disclose to him that his stock interest in Orchard Lanes was subject to a right of first refusal upon a disposition by plaintiff. At the trial plaintiff conceded that he was aware of the right of first refusal when he endorsed the stock certificate; indeed, on the same side of the stock certificate where his signature transferring his interest appears there is a notice of the right which plaintiff claims it was the duty of the defendants to bring to his attention.

Finally, plaintiff contends that the judge erred in refusing to rescind the transfer on the asserted

ground that it was not supported by consideration. He asserts that the record does not show that the defendants in fact transferred to him an additional interest in the debenture.

There were a number of credits and debits between the parties which were considered by the judge in arriving at the accounting reflected in the judgment. Defendant Hodges testified that he and defendant Dragovich had each been charged or debited for one-half of the increase in interest in the debenture, representing the amount to be paid to the plaintiff for the transfer of the Orchard Lanes stock. Beyond that the record is, as plaintiff contends, unclear.

We review the record. The defendants' assertion that the plaintiff received this credit appears on the record. If the plaintiff claimed that he did not in fact receive the credit, he should have controverted on the record the defendants' testimonially-supported claim that he received the credit. In the light of plaintiff's failure to do so, the trial judge did not err in failing to find that the plaintiff did not receive the credit.

Affirmed. Costs to defendants.